Looks like we have six cases this morning. We'll probably take a break at some point. We'll start with 17-1405 U.S. v. Thomas.  Good morning, Your Honors. May it please the Court, Jacob Rocheveau for the appellant Donald Thomas. This case turns on whether the uniform generic definition or plain dictionary definition applies to controlled substance offenses in the guidelines. Because this Court has already answered that Mr. Thomas' prior conviction for distribution of an imitation-controlled substance is not distribution of a counterfeit substance under the guidelines. You agree that if it's the dictionary definition, then the guidelines are applied properly here? Well, we haven't made any argument against that. Okay. So at this point I would have to recede that. But we never get there, because in United States v. Dominguez-Rodriguez, this Court held that possession with intent to distribute a controlled substance was an enumerated offense to which the uniform generic definition applied. Likewise, distribution of a counterfeit substance is an enumerated offense that must be given its uniform generic definition. And to determine a uniform generic definition, this Court first looks to the federal statute, which considers the majority of treatises and model codes. Counsel, could I just ask you about the guideline we're working with here? It's 4B1.2B. Do you consider it to be an elements type clause or an enumeration type? Because we're used to dealing with the crime of violence clauses in 4B1.2A, and those break out pretty cleanly as enumerated offenses. But this one doesn't really read like either one of those. So what kind of a clause are we dealing with, with 4B1.2B? And, well, why don't we start there? Right. So it doesn't neatly match up with either the force clause or the elements clause or the residual clause of the definition of violent felony or crime of that possession with intent to distribute is, even though it doesn't fall under the enumerated offenses clause, which this Court is used to dealing with, it is nevertheless an enumerated offense that must be given its uniform generic definition. Well, let me, my question is a bit of a setup for the next one, which is whether it really makes all that much difference. Because we're dealing with a counterfeit substance. And as I understand it, you want to say, well, the generic definition, but couldn't you all just also just say that legislatures in the majority of states and the U.S. Congress and the uniform law all define it? It's a settled definition as far as they are concerned. So what difference does it make whether we call it a generic or an elements? Why aren't we just looking at what the meaning of counterfeit substance is and go from there? Right. I mean, either way. It doesn't really matter whether you call it an enumerated offense or something else. All right. Now, that's the setup for the next question. No tricks here. No tricks. It's all sequential. So my next question is this. And maybe this is a broader question about how to do statutory interpretation. But if you've got a phrase like we have here, counterfeit substance, and there's a dictionary definition, and then there's a definition that is sort of a legally accepted one, but they're in conflict, and it sounds as if your answer to Judge Hart's suggests that you think they are, what is the, how do you resolve the conflict? I mean, what do courts say when they're confronted with a conflict between, say, a common law definition and a dictionary definition? Which one prevails? Right. So the general rule is that the common law definition or the generally accepted legal definition, a well-established legal definition prevails over an ordinary dictionary definition. All right. Now, do you have some good authority for that? Yes. Johnson v. United States in the Supreme Court, and Castleman also in the Supreme Court. Johnson was considering what the definition of force is as used in the ACCA's force clause. And they basically did this, considered whether the common law definition of force applied. In Johnson, they said that basically the common law definition, which would usually control, that is an assumption that Congress tends to employ common law definitions, would be a comical misfit in this situation, because the common law definition of force includes mere touching. But in context, the ACCA's force clause was about violent felonies. And it made no sense for a violent felony to include any of the slightest touching. So in that context, they said that it was a comical misfit. Contrast that with Castleman, where the court was again considering the definition of force in a similar force clause, but this time they were considering it with respect to misdemeanor domestic violence offenses, as opposed to violent felonies in the ACCA. So in that context, they said the use of the common law definition of force would not result in a comical misfit because in context they didn't have this modifying term violent associated with it. So because it wasn't a comical misfit, they had to apply it. So again, under this Court's precedent, it's a much cleaner argument that possession with intent to distribute and therefore distribution of a counterfeit substance, this Court has already said that that's an enumerated offense, which would apply the uniform generic definition. But, I mean, to your point, it doesn't matter that much, because even if it's not within the enumerated offenses clause, you still give well-established legal terms their well-established legal meaning absent a comical misfit. So you're saying that's a canon of construction. But every canon has exceptions. My problem here is if counterfeit means what you say it means, why is it in the advisory note? Why is it in the comment? Because it adds nothing. There's absolutely nothing that would be, no offense that is added that can be considered a controlled substance offense by adding or a counterfeit substance in parentheses in the, well, I shouldn't say in the comment, in the definitions. Okay. Can you give me any example? We really worked and couldn't come up with anything. No, it is redundant. I have to concede that it is redundant, but it's not unusual. Then you've got a contrary, Kent. Sure. Yeah, we don't usually read things to be surplus. And when they are surplus, it's, and we allow it, it's usually a long list when they want to make sure everything is covered. Here, it looks like there's specific intent here to say or counterfeit. And together with that, you have another indication. And that is when the word counterfeit is used in, what is it? 2D1.1? 2D, yeah. Yeah. The application notes specifically refer to the statutory definition of counterfeit. And you wonder why it would refer specifically there and not in another section. In other words, obviously the question is, how to incorporate a statutory definition as opposed to a dictionary definition. If you'd respond to those, because your general argument would make a lot of sense. Maybe it'll even carry the day, but at least several other circuits have been concerned about what I'm asking you here. Right. How do you respond? So, a lot of responses. Okay, good. First, with respect to the other circuits, going the other way, as far as I know, none of them were, well, they certainly weren't bound by Dominguez-Rodriguez or Martinez-Cruz, which have already gone, have established that the uniform generic definition applies in this situation. They did apply just the general canons of statutory interpretation. And they all started with the assumption that an I would say we're not just dealing with competing canons here, because this court has already said, as more of a rule than just a matter of statutory interpretation, that where the offense or a word is not defined in the guidelines, then we apply the generic contemporary meaning or the uniform generic definition. So it's more than just a canon trying to divine the intent of the commission. It's a baseline rule that that is what applies, absent some comical misfit. As far as the express reference of the federal definition in 2D, they're referring specifically to the federal statute because it's for a federal offense. So they're just making clear that 841 drug offenses also applies to counterfeit substances, and that's when you would apply 2D is for a federal crime. The, that it, that the career offender guideline doesn't specifically reference the federal definition is because, and we're not arguing that the federal definition applies. The federal definition doesn't imply there is no express reference. And I'm not asking this court to say that there is a reference or that it's implicitly referenced. What I'm saying is that in the absence of a reference, the uniform generic definition applies. So in this case, the federal definition just happens to line up with, you know, with 36 states, the District of Columbia, the Uniform Controlled Substances Act, the federal definition is in agreement, and therefore this consensus establishes the uniform generic definition. But the guidelines is not directly employing that definition. As far as the redundancy goes, the fact that the redundancy is confined to a parenthetical suggests that it is just for clarification purposes. And it's not unusual. How does it clarify anything? I'm sorry? How does it clarify anything if it means what you say? I mean, it's just clarifying that it applies to controlled substances as well as counterfeit substances. Yeah, but under your definition, every counterfeit substance is a controlled substance. The only difference is it's mislabeled. Right. It's coming from a particular drug manufacturer. Sure, but it's only tracking the same redundancy that exists in the federal statute upon which it was originally based. So Section 841, the General Prohibited Acts A of the Controlled Substances Act, Section 841A1 says, it's not verbatim, but essentially that it is unlawful to manufacture or distribute a controlled substance. And that's the one that we see discharged all the time. Section A2 says it shall be unlawful to manufacture or dispense a counterfeit substance. So that statute itself is just as redundant as this guideline, or the guideline is no more redundant than that statute. So it really is just, appears to be just tracking. There are crimes that you can commit where what you did was produce a, creating, I think the word is creating a counterfeit substance, where you couldn't be prosecuted with respect to controlled substance. If you, there's a case I think out of the Second Circuit where the controlled substance was imported and then the defendant relabeled it to make it look like it was from a legitimate U.S. manufacturer and there was a prosecution for creating a counterfeit substance, that particular offense could not have been restated as creating a counterfeit substance, creating a controlled substance. So there isn't redundancy in the federal statute regarding counterfeit. It's an additional or maybe even an alternative crime of mislabeling something that's a controlled substance. I don't think it's correct to say that the criminal statute is redundant. Do you have any response to that? Well, I'm not familiar with the case you're referring to, but maybe there's not 100% overlap there, but I mean, it couldn't also be charged as possession with intent to distribute a controlled substance. Presumably they weren't labeling them for their own use. So I mean, I have a hard, it still seems like that there's, if it's not literally 100% overlap in the federal statute, it's still quite close. Your Honor, I realize that. You can finish your sentence. Okay. And I just would want to add that it's not unusual to add redundancies in a statute. And I can submit a 28-J letter of a few statutes where they do add kind of clarifying language. For example, you know, I don't have the language off the top of my head, but it's essentially, you know, it's unlawful to possess A or B and then parentheses or both. Of course, it's obvious that. Go ahead and submit a 28-J if you'd like. Okay, will do. Thank you, Your Honor. May it please the court, Bishop Grewell, on behalf of the United States. I want to do two things. The first one, I think will directly address your series of questions, Judge Matheson, involving the common law enumerated offenses approach. And that's going to be talking about why the standard method of statutory interpretation or guidelines interpretation, really the default of plain language should apply here and why we shouldn't be talking about common law or enumerated offenses. And then the second thing I want to do is explain why I don't believe the Dominguez-Rodriguez case controls the matter here. Related to that first point, absent some definitional provision, this court and most courts as a default will use the plain language or plain meaning approach, but there are exceptions. For instance, when a statute's unique history or its text suggests that we should use some specialized approach. If it uses common law terms, this court and other courts will often look to the common law history to figure out what the common law meaning of those terms are. Likewise, in Taylor v. United States, the Supreme Court came up with a specialized approach for dealing with enumerated offenses because it had a statute there, the Armed Career Criminal Act, that defined a term, violent felony, in relation to specific enumerated offenses. And if you look at page 597 of that opinion, it emphasized this is burglary language as part of the reason that it was not going to use a common law definition of burglary, but it was going to use this enumerated offenses approach and do a generic definition. Nothing in 4B1.2b suggests the sentencing commission sought something other than a plain meaning approach. These aren't common law terms. Yes, the majority of the states use a statutory definition of counterfeit that's similar to this one, although there are eight states that would call what the government is calling counterfeit, counterfeit. But those aren't common law. Did you identify those in your brief? I did not. I can identify them now or give you a 28-J letter. They're Florida, Georgia, Maine, North Carolina, which would  Massachusetts, Ohio, and Tennessee. Well, counsel, I understand your point that statutes are not common law. But why should we let the editors of Webster's tell us what this means rather than what 36 state legislatures, the United States Congress, and the Uniform Substances Act tell us what it means? Because when the sentencing commission is defining these things, they're also going to be defining this against the background of what they know courts usually do. But the background has a well-settled meaning. It doesn't, given that there are eight states that use different meanings. And so, yes, there's a majority that use that particular meaning, but if they wanted to use the definition of counterfeit that the other side's using, they could have done exactly as was done in note 2D1.1 and referred to 802. And then they could have accomplished it that way. Because they chose not to do that, I think that indicates here that they were just using standard meaning of what counterfeit would mean. And they would have this broader meaning. And this court has said in its opinions, what it's really trying to do here is define what the sentencing commission is trying to do when it's looking at a term like this. So absent some indication that the sentencing commission wanted to bring in the Taylor approach or wanted to use a common law or was necessarily just relying on the federal definition that is used by many other states, but not every other state, this court should do what it normally does and look to the plain meaning of that stat, plain meaning of the language counterfeit. And you should submit a 28-J with that additional. With those eight cases, I will do so. And another reason not to sort of use this unique definition to it is because if we're going to start using the generic approach for all these different things in 4B1.2b, it's going to make it harder for criminals to know what the actual provision means as well, because these 50-state survey plus model penal code plus treatise approach just isn't a particularly easy approach. That's the approach, though, we use for enumerated offenses in general. And I agree that the... Isn't this an enumerated offense? This is not an enumerated offense. Well, explain that to me. Sure. So in Taylor, they emphasize, as I pointed out, 597, when it says is burglary, that's what we're talking about with enumerated offenses. So you have to look to the language that's leading into it. Here... So are you saying this is an elements clause? I'm saying it doesn't... All I'm really saying is it's not an enumerated offenses clause, which is all that really matters because if it's not an enumerated offenses clause, then we have no reason to use this specialty approach. The elements clause is just using a plain language approach because we don't have some specialized approach for elements clauses. And I do believe that it is taking something more like an elements approach given its introductory language. It's talking about an offense that prohibits. It's not talking like 4B1.2A2 does an offense that is. And I think that's usually the language that we see when we're talking about enumerated offenses. Plus, usually when we have enumerated offenses, we're talking about a shorthand for a collection of elements. We're not focusing on just one element. Yes, possession with intent to distribute happens to also be the name of an offense that at the same time describes the main conduct that's involving. But the other things in 4B1.2B, for instance, an offense that prohibits import of a controlled substance offense isn't necessarily a common name for the offense. It's really talking about what it is that's prohibited. So I think this is more like an elemental clause that's an individualized thing is what we're getting at. We're not using burglary or some other shorthand that is for another collection of elements that we're talking about like you do with an enumerated offense. Do you think it matters how we categorize the provision as an elements or an enumerated offense? So long as it's not enumerated offenses, an enumerated offense clause, then I don't think it matters. If it is an enumerated offense clause, then I think you use the generic approach. And then I think you get to this, what is the majority of the states and the model appeal code in that. So as long as it's not enumerated offenses, I don't think it matters then how you categorize it. I don't believe Dominguez-Rodriguez is controlling here. I also think that it's wrong because I don't think that provision was dealing with an enumerated offenses clause. I also think it complicates the law and it creates a circuit split. I don't believe it's controlling because in part it is dealing with a different section, 4B1.1. And actually, I think if something's going to be controlling, it would be a decision they cite in a reply brief, United States versus Karam. That's the decision where they cite for the proposition that 4B1.2 and 2L should be interpreted similarly. But if you look at that, what Karam is doing is trying to interpret what distribution means in 4B1.2. And what does it say? It says there can be no dispute and it cites to this court's Cherry decision, which is one of the decisions referenced in our 28J letter. Cherry takes its definition from Aguirre, and if you look where it's taking the definition from Aguirre, it's in the section where Aguirre says there's no difference between the dictionary definition and the legal definition of distribution. And so Aguirre's basically got this, the plain language is the same here. Cherry says that's fine, and now Karam incorporates that approach into 4B1.1. And so it would appear that 4B1.1 is actually using a plain language approach. In the earlier decision here, the Karam decision. I also don't think that Dominguez-Rodriguez should be followed, because it didn't really actually analyze if that provision was an enumerated offense clause or not, it just kind of assumed it. And I think that led it to incorporate this enumerated offenses interpretation of Taylor into that provision where it doesn't actually belong. But I would acknowledge in a 2L case, you would be bound by Dominguez-Rodriguez on that. Finally, applying Dominguez-Rodriguez or some other definition of counterfeit that isn't the plain meaning dictionary approach here, you will be creating a circuit split, and there is some value to not being the first court to create a circuit split. The Fourth Circuit in Mills, the Fifth in Crittenden, the Seventh in Hudson, the Eighth in Robertson, the Ninth in Leo Vega, and the Eleventh Circuit in Frazier have all answered this question the way the district court below here did, and said these particular offenses qualify as counterfeited offenses. I think the proper interpretive approach has to be defined by the language that you're interpreting. And if you look here, if you have a statute that's referencing common law terms, then yes, look to the common law meaning. If you have a statute that's dealing with enumerated offenses, then yes, use the generic definition approach. But absent some indication that you're using one of those specialized approaches, you should default to what you normally do, which is plain language or plain meaning because that's what the Sentencing Commission would assume that you would do when it's putting this language into the provision. Unless the court has further questions. Yes. You make some interesting arguments. I still think if I didn't feel that the word counterfeit would otherwise be superfluous, I'd probably be more persuaded by the other view. The argument counsel made here is that the parenthetical you can have surpluses in parentheticals that simply explain. Do you have any response to that? Do you think that it would be proper to interpret the word or counterfeit the words or a counterfeit substance as simply being explanatory clarification? I really don't see how it would really be adding anything given simply that it's also controlled substance. And so if you said controlled substance, all of these would fall in under that. Cases that I've seen where they're choosing not to give separate meaning to the parenthetical and choosing to use it as something else are usually when it's somehow contrary to the text outside of which I don't think is the case here. So I think the proper way to give this meaning is to give it meaning the way that the government has done that. Otherwise, I think you're effectively reading that out of the provision and there's no reason for it to be there. Could I ask you, using the dictionary method, so you look up the word counterfeit, correct? And see what the dictionary says. And if the dictionary or maybe multiple dictionaries all say the same thing, then that means there's a plain meaning for the word counterfeit. Is that how it works? And I think the basis for that is absent some sort of specialized reason for thinking otherwise, we want to think how sort of the person on the street is going to think what this term means. And we think that that's the most likely definition of the term. Okay. So if I go to the dictionary, though, and I'm looking, I can find the entry for counterfeit. But am I going to find an entry for counterfeit substance? No, but you're then going to look at the definition you have for counterfeit and relate that to the substances that you're dealing with. Well, then you're going beyond the dictionary. Is there a dictionary definition for counterfeit substance? Can you point to one dictionary that defines counterfeit substance? I don't believe it may be in blacks. I don't know. And substance is certainly going to have a definition that's related to the field that we're in. Well, but you got to put the terms together and these are terms that go together and they're defined in the federal statute. And the sentencing commission certainly had that in the background. In fact, they had that more in the background than a dictionary. I don't think that these are necessarily just two words. There's a meaning to counterfeit and there's a meaning to substance and I think you can look at it. Well, you can put two words together that mean a lot different than you have them separately. But counterfeit is an adjective here, modifying substance. And yes, there's a meaning to substance. I don't think my point changes because it's an adjective. Two words can mean something different than the individual words standing alone. And we don't have a dictionary entry for those two words. Certainly. I mean, if this said counterfeit toy, that would have some different meaning, but counterfeit toy doesn't appear in the dictionary. Well, I know. I don't want to belabor the point. I'm just saying that it isn't so simple as going up and looking up the exact phrase that's in this guideline. But you've got to take some steps. You're saying, well, you look at the definition here. Is it an adjective? Is it a noun? I think it's an adjective. Okay, you've got substance over here. What does that mean? Now, let's put them together and figure out what they mean. And all of a sudden, that isn't the same thing as just walking over to Blacks and getting the answer, as opposed to walking over to the U.S. Code and getting a definition of the exact words. I don't think that, I think you're talking about what the term substance means. Moreover, if that's what we're looking to, if you look at all those state statutes, I don't recall that they're all actually saying, now I need to look at it. I can't remember that they necessarily all say counterfeit substance. I think a lot of them are defining the term counterfeit, as opposed to, and granted, it's in the section on controlled substances. But again, I think what you're talking about is more, what does substance mean? But I understand the disagreement. I don't know if it's a disagreement. I'm just asking a question. Further questions? Thank you. Thank you, Your Honors. We would ask you to affirm the district court's ruling. You want a minute? Thank you, Your Honor. I would just like to draw this Court's attention to United States v. Martinez-Cruz. I don't think I have the size, it's cited in our briefs. But maybe not emphasized as much as it should have been. It does deal with kind of the tension between, do we follow strictly the categorical approach when dealing with an undefined term in the guidelines, specifically career offender? And there, they were considering what is the meaning of the word conspiracy in the application notes of the career offender guideline, which apply, specifically in that case, they were considering it in the context of conspiracy, federal drug conspiracy. And they essentially came out that even where, that basically the categorical approach, the uniform generic definition controls over what, over the general intent of the sentencing commission. Thank you, counsel. Case is submitted. Thank you.